UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RICHARD J. SILVERSTEIN** <br> 807 B South Union Avenue <br> Havre de Grace, MD 21078 | * <br> * |
| **DR. STUART T. ZALLER, LLC** <br> 458 Main Street, Reisterstown, MD 21136 | * <br> * |
| **PHILLIP P. WEINER** <br> 7 Springbriar Lane, Pikesville, MD 21208 | * |
| *Plaintiffs* | * |
| v. | * |
| | *    Case #: 12-cv- |
| **WESTFAX, INC.** <br> 10465 Park Meadow Drive, Suite 200 <br> Greenwood Village, Colorado, 80124 | * <br> * |
| **BARRY CLARK** <br> 10465 Park Meadow Drive, Suite 200 <br> Greenwood Village, Colorado, 80124 | * <br> * |
| and | * |
| **AMEDISYS, INC.** <br> 5959 S. Sherwood Forest Blvd. <br> Baton Rouge, LA 70816 | * <br> * |
| **BID PREP, INC.** <br> 12831 Moreno Beach Drive, Suite 107-352 <br> Moreno Valley, California 92555 | * <br> * |
| **DIAGNOSTIC INSTITUTE OF <br>    ADVANCED IMAGING, INC.** <br> 143 Route 35 South <br> Keyport, N.J. 07735-1163 | * <br> * |
| **JULIE HITT** <br> 3113 Lauren Hill Drive <br> Finksburg, MD 21048 | * <br> * |
| **NORTH AMERICAN TRANSCRIPTION LLC** <br> 1866 Leithsville Road, #167 <br> Hellertown, PA 18055 | * <br> * |
| **STERICYCLE, INC.** <br> 1419 Lake Cook Road, Suite 410 <br> Deerfield, IL 60015 | * <br> * |
| and | * |
| **DC DENTAL SUPPLIES, INC.** <br> 1133 Greenwood Road, Unit D <br> Baltimore, MD 21208 | * <br> * |
| **DENTAL PLANET, LLC** <br> 707 N. Scott Ave., Wichita Falls, TX 76306 | * |

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

| | |
|---|---|
| **DISCUS DENTAL, LLC** | * |
| 8550 Higuera Street, Culver City, CA 90232 | * |
| **HDIQ, LLC** | * |
| 403 Creekside Drive, McKinney, TX 75071 | * |
| **HEALTHCARE EDUCATION SERVICES FOUNDATION, INC.** | * |
| 3707 N. Canyon Rd., #8E, Provo, Utah, 83604 | * |
| **IVERSON DENTAL LABORATORY, INC.** | |
| 14437 Meridian Parkway | * |
| Riverside, CA 92508 | |
| | * |
| **LOYAL PATIENTS, INC.** | |
| 1900 Campus Commons Drive, Suite 100 | * |
| Reston, Virginia 20191 | |
| | * |
| **NEW JERSEY HEALTH PROFESSIONALS DEVELOPMENT INSTITUTE, LLC** | * |
| 1060 Main Street, Suite 201 | |
| River Edge, NJ 07661 | * |
| **OPTIDENT SUPPLIES, INC.** | * |
| 544 Park Avenue, Brooklyn, N.Y. 11205 | |
| | * |
| **OWANDY, INC.** | |
| 7950 Cherry Ave., #103 | * |
| Fontana, CA 92336 | |
| | * |
| **PARK UNIVERSITY ENTERPRISES, INC.** | |
| dba Fred Pryor Seminars | * |
| 5700 Broadmoor Street, Suite 300 | |
| Mission, KS 66202-2415 | * |
| and | * |
| **DOCTOR DIRECTORY.COM, INC.** | * |
| One Page Avenue, Suite 280 | |
| Asheville, NC 28801 | * |
| **JOHN DOES 1-17**, addresses unknown | * |
| *Defendants* | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs Richard J. Silverstein and Dr. Stuart T. Zaller, LLC sue the Defendants for violating the federal Telephone Consumer Protection Act (TCPA) and Maryland TCPA, for sending unsolicited fax advertisements to each Plaintiff without express permission, and allege that:

## PARTIES

1. **Richard J. Silverstein** (Silverstein) is a podiatrist and individual located in Baltimore

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

2

County, and has had a fax machine located and used at 807 B South Union Avenue, Havre de Grace, MD 21078 at all times relevant to this suit.

2. **Dr. Stuart T. Zaller, LLC** (Zaller) is a Maryland corporation and citizen located in and regularly doing business in Baltimore County, and has had a fax machine located and used at 458 Main Street, Reisterstown, Maryland 21136-1906 at all times relevant to this suit.

## DEFENDANTS

3. Defendant **Westfax, Inc.** (Westfax) is a Colorado corporation and citizen, located at 5690 DTC Blvd., Suite 670, Greenwood Village, Colorado, 80111, and a fax broadcaster which does business by sending fax ads throughout the U.S. Its resident agent and President is Barry Clark at the same address.

4. Defendant **Barry Clark** (Clark) is an individual and citizen of Colorado, and the resident agent, President and a founder of Westfax, who authorizes, sends and ratifies the sending of fax ads and the policies and conduct of Westfax throughout the U.S., including to Plaintiffs.

### Richard J. Silverstein unsolicited fax ad Defendants

5. Defendant **Amedisys, Inc.** is a Louisiana corporation located at 5959 S. Sherwood Forest Blvd., Baton Rouge, LA 70816, which provides medical products or services, and whose resident agent there is Celeste R. Peiffer.

6. Defendant **Bid Prep, Inc.** is a California corporation located at 12831 Moreno Beach Drive, Suite 107-352, Moreno Valley, CA 92555, whose resident agent there is Chris Rice.

7. Defendant **Diagnostic Institute of Advanced Imaging, Inc.** is a New Jersey corporation located at 143 Route 35 South, Keyport, N.J. 07735-1163, which provides medical products or services, and whose resident agent there is Imtiaz Seyal.

8. Defendant **Julie Hitt** is and/or was President of Secured Med Waste, LLC, a Maryland corporation, located at 3113 Lauren Hill Drive, Finksburg, MD 21048, in the business of medical waste disposal, and authorized the sending of fax ads for that company to Plaintiffs.

9. Defendant **North American Transcription LLC** is a PA corporation, located at 1866 Leithsville Road, #167, Hellertown, PA 18055, which provides transcription services.

10. Defendant **Stericycle, Inc.** is an Illinois corporation located at 1419 Lake Cook Road, Suite 410, Deerfield, IL 60015, which provides medical waste services, and whose resident agent

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

3

is The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201.

11. Defendants **JOHN DOES 1-6** sent 8 unsolicited fax ads to Silverstein without prior express invitation or permission, or any business relationship, to Silverstein, and with Clark's direction and knowledge, that advertise property, goods or services for (1) CoLaze Technologies, (2) Gateway Equipment Finance, (3) Longhorn Business Lending, (4) Midwestern Business Lending (3 fax ads), (5) Oaktree Business Lending Group, and (6) Cypress Business Finance, and without the required opt out notice included on the fax ads.

### Dr. Stuart T. Zaller, LLC (Zaller) unsolicited fax ad Defendants

12. Defendant **DC Dental Supplies, Inc.** is a Maryland corporation located at 1133 Greenwood Road, Unit D, Baltimore, MD 21208, which sells medical products or services, and whose resident agent is Y. Jeffrey Spatz, 233 East Redwood Street, Baltimore, Maryland 21202.

13. Defendant **Dental Planet, LLC**, (Dental Planet) 707 N. Scott Ave., Wichita Falls, TX 76306, is a Texas corporation, which sells, markets and advertise medical and dental equipment throughout the U.S.

14. Defendant **Discus Dental, LLC** (Discus) is a California corporation located at 8550 Higuera Street, Culver City, CA 90232, which sells, markets and advertises medical and dental equipment and materials throughout the US. Todd Tiberi is its resident agent at the same address.

15. Defendant **HDIQ, LLC** (HDIQ), 403 Creekside Drive, McKinney, TX 75071, is a Texas corporation, which sells, markets and advertises learning DVDs and programs for doctors or dentists throughout the U.S.  Its resident agent is Michael Russell, located at the same address.

16. Defendant **Healthcare Education Services Foundation, Inc.** (HEFSI) is a Utah corporation, located at 3707 N. Canyon Road, Suite 8E, Provo, Utah, 83604, which sells, markets and advertises new patient marketing programs to dentists throughout the U.S.  Its resident agent is Brent Smith, located at the same address.

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

17. Defendant **Iverson Dental Laboratory, Inc.**, is a California corporation located at 14437 Meridian Parkway, Riverside, CA 92508, which sells medical produces or services, and whose resident agent is Jamen C. Iverson at the same address.

18. Defendant **Loyal Patients, Inc.** is a Virginia corporation, located at 1900 Campus Commons Drive, Suite 100, Reston, VA 20191, which sells, markets and advertises loyalty and rewards programs for dentists throughout the U.S. Gary Serota is its registered agent at the same address, and a founder, and is identified by name on one of the fax ads.

19. Defendant **New Jersey Health Professionals Development Institute, LLC** (NJHPDI) is a NJ corporation and citizen located at 1060 Main Street, Suite 201, River Edge, NJ 07661, which organizes and presents seminars on medical and dental topics in NJ, and advertises these seminars in Maryland and many other states. Kenneth N. Feiler is its Director and Resident Agent at 805 Amaryllis Ave., Oradell, NJ 07649.

20. Defendant **Optident Supplies, Inc.** (Optident), 544 Park Avenue, Brooklyn, N.Y. 11205, is a New York corporation, which sells, markets and advertises dental supplies throughout the U.S. Optident has no registered agent listed with the State of NY.

21. Defendant **Owandy, Inc.** (Owandy) is a Delaware corporation, located at 7950 Cherry Ave., Suite 103, Fontana, CA 92336, which sells, markets and advertises medical and dental equipment throughout the U.S. Its resident agent is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

22. Defendant **Park University Enterprises, Inc.** (PUEI) dba Fred Pryor Seminars, is a Missouri corporation, with a main office at 5700 Broadmoor Street, Suite 300, Mission, KS 66202-2415, and whose resident agent is National Registered Agents, Inc. of KS, 2101 SW 21st Street, Topeka, KS 66604.

23. Defendants **JOHN DOES 7-15** is/are corporations and/or persons which or who sent 56 fax ads to Zaller that advertise property, goods or services, and each of which sent fax ads using Westfax's fax broadcasting services, with Clark's general knowledge, to Zaller advertising property, goods or services without prior express invitation or permission, without any

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

5

established business relationship, and without the required opt out notice included on the fax ads, for or on behalf of (7) B. Campbell Dental Supplies, (8) RDS Dental, (9) PA Dental, (10) Rosemund Dental Supply, (11) Spring Dental Supply, (12) Worldwide Dental, (13) Flynn Dental Supplies, Inc., (14) American First Financial, and (15) DoctorDirectory.com.

### Phillip P. Weiner unsolicited fax ad Defendants

24. Defendant **DoctorDirectory.com, Inc.** is a North Carolina corporation with a main office at One Page Avenue, Suite 280, Asheville, NC 28801, and whose registered agent is Jay Grobowsky at the same address.

25. Defendants **JOHN DOES 16-17** is/are corporations and/or persons which or who sent 2 fax ads to Weiner that advertise property, goods or services, and each of which sent fax ads using Westfax's fax broadcasting services, with Clark's general knowledge, to Weiner advertising property, goods or services without prior express invitation or permission, without any established business relationship, and without the required opt out notice included on the fax ads, for or on behalf of or advertising (16) D-Max USA, and (17) Qwest Financial.

### JURISDICTION AND VENUE

26. The TCPA, set forth at 47 U.S.C. § 227, and the FCC's implementing regulations, set forth at 47 C.F.R. § 64.1200 , place restrictions and prohibitions on the sending of advertisements by facsimile without prior express permission, and authorize private actions for violations of the TCPA, and for violations of the regulations promulgated pursuant to the TCPA.

27. Federal question jurisdiction is proper in this Court pursuant to 47 U.S.C. § 227(b)(3).

28. Jurisdiction is proper in this District because Plaintiff Silverstein lives in Baltimore County, and Zaller's medical office is in Baltimore County and is where the fax ads were received, and many Defendants regularly advertise and/or do business in the District.

### FACTS ALLEGED

29. **Silverstein fax ads**: Starting no later than June 28, 2010, Westfax, Inc. and Clark and their advertiser clients (collectively "Defendants") conspired with each other, and possibly with

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

6

others, such as fax number list providers and/or entities who provide fax number opt out or removal services and/or telecommunication services, to send to Plaintiff Silverstein's fax machine, at least 19 unsolicited fax ads which were received by Plaintiff as follows from both the identified Defendants and advertisers, and incompletely identified advertisers:

| # of faxes | Advertised entity | Date range fax(es) were sent | Sales Numbers | Remove Numbers |
|---|---|---|---|---|
| 1 | Amedisys, Inc. | 12/14/2011 | 877-288-7168 | 877-573-7085 |
| 4 | Bid Prep, Inc. | 11/28/11 - 2/16/12 | 877-904-7033 | 866-565-9476 |
| 2 | Diagnostic Institute | 11/8/11 - 1/5/2012 | 888-908-8383 | 866-205-0054 |
| 1 | Hitt/Secured Med Waste | 4/6/2011 | 877-861-8970 | 877-206-8362 |
| 2 | North Am. Transcription | 5/10/11 - 1/9/2012 | 800-991-6922 | 800-841-3020 |
| 1 | Stericycle, Inc. | 11/10/2011 | 800-355-8773 | 866-783-7422 |

**John Doe Defendant advertisers not identified by their legal name:**

| # of faxes | Advertised entity | Date range fax(es) were sent | Sales Numbers | Remove Numbers |
|---|---|---|---|---|
| 1 | Longhorn Business | 6/28/2010 | 800-571-2257 | 877-206-0782 |
| 3 | Western Business | 3/22/11 - 4/11/2011 | 888-784-4338 | 877-206-0782 |
| 1 | CoLaze Technologies | 5/11/2011 | 855-474-0940 | |
| 1 | Oaktree Business | 9/27/2011 | 866-638-4692 | 877-206-0782 |
| 1 | Gateway Equipment | 1/18/2012 | 800-699-9434 | 877-205-0782 |
| 1 | Cypress Business Finance | 6/25/2012 | 866-471-7511 | 703-228-3838 |

**Total:    11 + 8 = 19 unsolicited fax ads sent to Silverstein.**

30. **Zaller fax ads**: Starting no later than May 5, 2010, Westfax, Inc. and Clark and their advertiser clients (collectively "Defendants") conspired with each other, and possibly with others, such as fax number list providers and/or entities who provide fax number opt out or removal services and/or telecommunication services, to send to Plaintiff Zaller's fax machine, at least 164 unsolicited fax ads, sometimes more than one per day, which were received by Plaintiff as follows from both the identified Defendants and advertisers, and incompletely identified advertisers:

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

| # of faxes | Advertised entity | Date range fax(es) were sent | Sales Numbers | Remove Numbers |
|---|---|---|---|---|
| 14 | DC Dental Supplies | 5/5/10 - 4/15/2011 | 877-653-7500 | 877-206-0449 |
| 3 | Dental Planet, LLC | 7/29/10 - 4/11/11 | 888-368-5522<br>877-238-5754 | 800-937-1062<br>800-915-2571 |
| 16 | Discuss Dental, LLC | 5/20/10- 3/11/11 | 800-422-9448<br>800-817-3636 | 310-845-8600<br>888-427-0279 |
| 9 | HEFSI | 9/30/10 - 4/26/11 | 866-229-2297 | 800-915-2571 |
| 4 | HQID, LLC | 6/2/10 - 6/8/10 | 800-460-4030 | 877-206-9447 |
| 2 | Iverson Dental Lab | 5/3/2011 - 6/13/2011 | 800-334-2057 | 877-206-0532 |
| 4 | Loyal Patients, Inc. | 7/22/10 - 3/21/11 | 703-917-9822 | 866-653-4801 |
| 33 | NJHPDI, LLC | 5/6/10 - 4/1/2011 | 201-342-2204 | 866-278-3672 |
| 5 | Optident | 11/8/2010-6/22/2011 | 877-410-OPTI | 866-322-3158 |
| 10 | Owandy, LLC | 6/14/10 - 1/10/11 | 877-828-2986 | 800-841-3020 |
| 8 | PUEI/Fred Pryor Seminars | 8/15/11 - 9/6/2011 | 800-897-5003 | 877-206-9184 |

**John Doe Defendant advertisers not identified by their legal name who sent faxes to Zaller:**

| # of faxes | Advertised entity | Date range fax(es) were sent | Sales Numbers | Remove Numbers |
|---|---|---|---|---|
| 29 | B. Campbell Dental Supplies | 1/16/2011 - 10/5/2011 | 866-250-8757 | 877-206-9709 |
| 9 | RDS Dental | 7/21/10 - 6/17/11 | 866-250-8757 | 877-206-9709 |
| 8 | PA Dental | 5/5/10 - 8/10/10 | 866-887-2042 | 877-206-0449 |
| 3 | Rosemund Dental Supply | 5/7/10 - 5/24/10 | 877-333-4022 | 866-205-0054 |
| 2 | Spring Dental Supply | 7/13/10 - 7/28/10 | 888-800-2360 | 800-841-4362 |
| 2 | Worldwide Dental | 3/28/2011 | 800-395-6842 | 877-206-8985 |
| 1 | Flynn Dental Supplies, Inc. | 4/7/2011 | 866-697-4535 | 877-206-0390 |
| 1 | American First Financial | 5/11/10 | 604-996-1360 | nationaldnf.com |
| 1 | DoctorDirectory.com | 1/16/2012 | 888-796-4491 | 888-796-4491 |

**Total:   108 + 56 = 164 unsolicited fax ads sent to Zaller.**

31. **Weiner**: Starting no later than Feb. 13, 2008, Westfax, Inc. and Clark and their advertiser clients (collectively "Defendants") conspired with each other, and possibly with others, such as fax number list providers and/or entities who provide fax number opt out or removal

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

8

services and/or telecommunication services, to send to Plaintiff Weiner's fax machine, at least 3 unsolicited fax ads which were received by Plaintiff as follows from both the identified Defendants and advertisers, and incompletely identified advertisers:

| # of faxes | Advertised entity | Date range fax(es) were sent | Sales Numbers | Remove Numbers |
|---|---|---|---|---|
| 1 | DoctorDirectory.com, Inc. | 12/2/2008 | 888-798-4491 | 888-798-4491 |

**John Doe Defendant advertisers not identified by their legal name who sent faxes to Weiner:**

| | | | | |
|---|---|---|---|---|
| 1 | D-MAC USA | 3/30/2009 | 800-600-4634 | 800-600-4634 |
| 1 | Qwest Financial | 11/11/2009 | 888-988-5802 | 800-915-2571 |

**Total:** 1 + 2 = 3 unsolicited fax ads sent to Weiner.

32. Weiner called Westfax's toll free 'removal' numbers to stop the fax ads, as early as Feb. 13, 2008, but Westfax still continued to send unsolicited fax ads to Weiner.

33. All of the unsolicited fax ads sent failed to include the clear and conspicuous opt out notice and related requirements to be placed on all fax ads by the TCPA pursuant to the Junk Fax Prevention Act of 2005 and by the FCC under 47 C.F.R. § 64.1200(a)(3)(iii) and (iv).

34. Defendants knew the unsolicited fax ads failed to include a clear and conspicuous opt out notice required by the FCC, *inter alia*, by past practice and/or examining the fax ads and/or any graphics or drafts before the faxing, and because they were more concerned with including as much advertisement text as possible rather than providing the clear and conspicuous notice as required, and by including advertising text in letters much larger than any language on the fax that even attempts to comply with the opt out notice requirement.

35. The advertiser Defendants knew the fax ads were unsolicited and/or violated the TCPA, *inter alia*, because they knew (1) they had no evidence that Plaintiffs gave prior express permission to be sent fax ads or had any established business relationship with the advertiser, (2) knew they did not check adequately if at all whether permission had been given and sent the fax ads in reckless disregard of the requirement that permission be given first, (3) knew the fax ads failed to include the clear and conspicuous opt out notice required by the FCC, (4) may have known that Westfax had already been sued for sending unsolicited fax ads in

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

several lawsuits in Maryland, and (5) may have known that Westfax had been formally cited by the FCC for sending unsolicited fax ads in 2006.

36. Westfax and Clark knew the fax ads were unsolicited and/or violated the TCPA, *inter alia,* because of the nature of Westfax's business and its clients, and because they knew (1) they had no evidence that Plaintiff gave prior express permission to be sent fax ads or had any established business relationship with the advertiser, (2) knew they did not check adequately if at all whether permission had been given and sent the fax ads in reckless disregard of the requirement that permission be given first, (3) knew the fax ads failed to include the clear and conspicuous opt out notice required by the FCC, (4) Westfax had already been sued for sending unsolicited fax ads in several lawsuits in Maryland, including *AGV Sports Group, Inc. v. Westfax, Inc.*, *et al.*, Case #03-C-09-929 OT (Cir. Ct. for Balt. County), which was served on Westfax on Feb. 6, 2009 and which resulted in a trial on the merits against Westfax in August 2010, and also in Case #03-C-09-951 OT, *Baltimore Podiatry Group, Drs. Scheffler and Sheitel, P.A. v. Westfax, Inc., et al*, (Cir. Ct. for Balt. County), and (5) Westfax had been formally cited by the FCC for sending unsolicited fax ads on August 29, 2006 in FCC Citation EB-06-TC-144.

37. Defendants all knew about the TCPA prior to sending the first fax ad each sent, *inter alia*, because Westfax uses a contract that mentions the TCPA, and was reviewed and signed by the advertiser Defendants.

38. Defendants did not identify Westfax as the fax broadcaster used on any of the unsolicited fax ads.

39. All Defendants, directly or through agents, engage in telephone solicitations (telemarketing) across state lines as defined by the FCC and FTC Telemarketing Sales Rule (TSR).

40. Defendants conspired with themselves and others to initiate telephone calls to telephone facsimile lines to send or arrange for the sending of unsolicited advertisements without the prior express invitation, permission or consent of the recipients, and to do so from Colorado into Maryland.

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

41. Westfax directly or through agents or contractors sent fax ads through, *inter alia*, automated equipment which can dial large numbers of telephone numbers and send a fax.

42. Some or all Defendants hired and/or conspired with other persons to provide telephone numbers, automated dialing equipment, message content and/or ad copy, number removal and/or other services to deliver or assist with sending and transmitting the unsolicited advertisements by facsimile to Plaintiff.

43. Defendants planned, expected and knew that persons in Maryland would receive the faxes.

44. The fax ads solicited goods or services offered by or through the Defendant advertisers and the incompletely unidentified advertisers.

45. Defendants did not have prior express permission or invitation to send fax ads to Plaintiff.

46. Plaintiff does not have any established business relationship with any Defendant.

47. The purpose of the Defendants' fax ads was to promote, encourage, develop or advertise and/or otherwise advance their business and the commercial availability or quality of property, goods or services, and/or to increase their profits or income or wealth.

48. Defendants accepted the benefits that accrued from the fax ads that were sent, including generation of one or more new customers through the sending of the fax ads, and in the case of Westfax and Clark, fees paid for the services Westfax provided in sending the fax ads and the resulting salary to Clark.

49. Defendants ratified the faxes sent and benefits therefrom, and any contracts with any other persons who helped prepare, arrange for, assist or send the fax ads.

50. Defendants conspired with each other and possibly others to create, target and send the fax ads to Plaintiff from Colorado into Maryland, and the individual and corporate Defendants conspired to violate the TCPA from Colorado into MD with other persons or entities in addition to any of the corporate Defendant advertisers.

51. Defendants had approval authority over the content of the fax ads received by Plaintiffs, and approved and/or paid for the fax ads, including by ratification.

52. The toll free sales numbers on the fax ads received by Plaintiff were provided and/or used

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

11

by Defendants with the knowledge that the fax ads they sent would reach persons who did not give prior express permission or have an established business relationship, in violation of the TCPA, including persons in Maryland, in an effort to avoid complaints and liability rather than to try to comply with the TCPA and FCC opt out requirements.

53. Defendants all had a high degree of involvement assisting with, coordinating, sending, approving and ratifying the unsolicited fax ads, in willful and knowing violation of the TCPA.

54. Defendants knew that the TCPA would be violated by sending the fax ads.

55. The violations alleged are part of a related, connected, ongoing and systematic pattern and practice of conduct, which more than likely continues to this day.

56. Defendants had (1) received complaints about unsolicited fax ads, and/or (2) knowledge about the TCPA, prior to sending some or all of the fax ads alleged herein.

57. Defendants are aware of the junk faxing, and ratify the contracts generated by these faxes.

58. Defendants have had substantial and regular contacts with Colorado and Maryland.

59. Defendants conspired together and aided each other to violate the TCPA in and into MD.

60. Defendants' actions are an unfair, abusive and deceptive practices and violate the Federal Trade Commission's Telemarketing Sales Rule, 16 C.F.R. § 310.

61. Defendants' violations were willful and knowing TCPA violations.

62. Defendants ratify each other's activities, including sending the fax ads into MD.

### Westfax, Inc. and Barry Clark

63. Westfax and Clark have been well aware since passage of the TCPA, including the 2005 Junk Fax Prevention Act which amended the TCPA, and the requirements of the TCPA as amended, including the requirement that the sender must have the prior express invitation or permission of the fax recipient, and the requirement that fax ads must include not just a toll free number for fax number removal, but a specific opt out notice defined by the FCC which informs recipients of their right to opt out of future fax ads, and which includes not just a toll free number but also includes a domestic fax number as part of the opt out notice.

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

12

64. Westfax and Clark are aware of by review, or by designating and ratifying others who review, the content of the fax ads of its customers, to check for defamatory, lewd or other unacceptable content.

65. Westfax provides services for its advertiser clients, including merging fax numbers with the fax ad content (graphic file) to prepare a fax broadcast for transmission, removing duplicate fax numbers or entries, and suggesting to customers where to obtain lists of fax numbers for use in fax broadcasts, and where or how to include the toll free numbers that Westfax provides for its advertiser clients, and Clark is fully aware that Westfax does this.

66. Westfax subscribed to and provided several of the toll free numbers (and extensions) for the specific use of the advertiser Defendants for the purpose of fax number removal, including 800-841-4362, 800-915-2571, 800-937-1062, 866-278-3672, 877-206-0449 , and 877-206-8362, and these numbers were printed on some of the unsolicited fax ads sent to Plaintiffs.

67. Westfax and Clark are aware that Westfax's advertiser clients rarely if ever have the prior express invitation or permission from, or an established business relationship with, most or all of the fax numbers and persons to which Westfax broadcasts faxes for those advertisers, and provides toll free numbers in part because of this knowledge of Westfax.

68. Westfax provided the services described above for both the separately named Defendants as well as the not fully identified advertiser clients of Westfax.

69. Westfax and Clark both had a high degree of involvement with the sending of the fax ads by the other Defendants and advertisers, including but not limited to the services described above, and the Westfax policies leading to and ratifying these services.

## Previous suits and Judgment against Westfax

70. Westfax and Clerk knew the faxing was illegal via several lawsuits filed against Westfax, including several filed against Westfax in Maryland no later than January 27, 2009.

71. Westfax and Clerk also knew the faxing was illegal because judgment was entered against Westfax for violating the TCPA on September 29, 2010 in the Circuit Court for Baltimore County in Case #03-C-09-929.

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

13

72. Despite the Sep. 29, 2010 Judgment against Westfax, Westfax and Clark intentionally continued the unsolicited fax ad business and policies of Westfax, resulting in unsolicited fax ads sent to Plaintiffs and others in Maryland.

73. Westfax transmitted most of the faxes alleged in this suit to the Plaintiffs after entry of the Sep. 29, 2010 Judgment against Westfax in the Baltimore County Case #03-C-09-929.

74. Westfax and Clark even continued sending unsolicited faxes during 2012 for at least one advertiser (DoctorDirectory.com) for whom Westfax had previously sent unsolicited fax ads for to a person in Maryland who had already sued Westfax, Phillip P. Weiner, and did so thinking that as long as they stop sending fax ads to person who complain or sue, they can continue to send the fax ads, despite the illegality.

75. Westfax and Clark are aware that many of the fax ads Westfax sends do not adequately identify the advertiser.

76. Westfax and Clark are aware that many or most of the fax ads Westfax sends do not include the opt out language required by the TCPA and FCC.

77. Westfax and Clark had actual knowledge of the unlawful activity of Westfax.

78. Westfax and Clark failed to take steps to prevent the facsimile transmission as alleged herein.

### National Number Removal Assistance Association (NNRAA)

79. On September 3, 2008, Westfax and Clark and their counsel, William Hayes, incorporated the National Number Removal Assistance Association (NNRAA) in Colorado through Hayes, to further the illegal fax broadcasting business, and sent out tens of thousands of unsolicited fax ads with the number 866-788-5202 on the fax ads to persons around the U.S., using blocked caller ID, to mislead people to fax their other unwanted or unsolicited fax ads to this NNRAA number under the premise that the NNRAA would help people stop future unsolicited fax ads, when in fact, Westfax, Clark, the NNRAA, and Hayes used the fax ads that people sent back 866-788-5202 to generate new customers for Westfax by soliciting the advertisers on the fax ads that people faxed back to the NNRAA and 866-788-5202, for

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

14

Westfax - not the NNRAA - was the subscriber.

80. Although the NNRAA was created by attorney Hayes to appear as if it was a separate corporate entity, it was in fact created by and for Westfax and Clark, by Clark instructing Westfax employee Rebecca West to create the NNRAA logo, and Westfax did not charge the NNRAA anything for sending the fax ads that were presented to appear as if they had come from the NNRAA.

81. Hayes is the only person the State of Colorado identifies as associated with the NNRAA.

82. Westfax, Clark and Hayes created the NNRAA in order to circumvent the TCPA and continue Westfax's illegal faxing operation, and to make money for themselves.

83. Westfax and Clark can generally determine by examining the fax transmission headers at the top of fax ads and other information on fax ads whether Westfax sent the fax, and can determine when faxes were sent by Westfax for one of its advertiser clients in this way, as well as based on sales numbers and/or the toll free removal numbers(aka IVR (interactive voice response)) appearing on a fax ad.

84. Prior to sending the NNRAA faxes, Westfax sent out similar unsolicited fax ads titled the "Fax Police" with the toll free number 800-473-6209, that were used to generate new Westfax customers, and not as they were presented to appear to be a free service, supposedly unaffiliated with Westfax, being provided to persons receiving unwanted or unsolicited fax ads, and on information and belief Westfax was the subscriber to 800-473-6209.

85. Westfax generated many or most of its advertiser customers from the Fax Police and NNRAA scheme that Clark created, which included luring customers away from other major fax broadcasters including Protus IP Solutions, Inc., and Five Star Advertising, Inc., and thus Westfax and Clark knew that the fax ads that Westfax sent or transmitted for these newly lured clients of Westfax were or would likely be unsolicited fax ads.

86. Barry Clark came up with the idea of the NNRAA to generate business for Westfax, and he and/or Hayes had the idea of incorporating the NNRAA as a supposed non-profit entity in Colorado in order to get around prohibitions of sending commercial fax ads.

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

87. Westfax may have obtained the other named Defendants and unidentified advertiser clients of Westfax as customers through the "Fax Police" or NNRAA.

88. Westfax and Clark were aware of and responded to the FCC's August 200 Citation, but still continued to send unsolicited fax ads.

89. In August 2010 Westfax and Clark appeared for a trial in the Baltimore County Circuit Court in a TCPA case, which was lost at trial by Westfax despite Westfax's arguments that it did not have a high degree of involvement with the sending of the fax ads at issue, yet they both still continue to send unsolicited fax ads including dozens to Plaintiff after that trial loss.

90. Clark came to Maryland as part of his official duties for Westfax, and approved of Westfax's regular sending of fax ads into MD and knew that many fax ads would enter MD.

91. Clark, Hayes, and Westfax officer/co-owner Jake Edwards, are aware of the above facts.

92. Directly or through their agents, contractors and employees, Westfax and Clark at all times relevant to this action had knowledge of the existence and the provisions of the FTC, and of the TCPA and the regulations promulgated thereunder by the FCC.

## CAUSES OF ACTION

### Count 1

**TCPA - sending an unsolicited advertisement to a telephone facsimile machine**

93. Plaintiffs incorporate all previously alleged paragraphs as if fully set forth herein.

94. Defendants used a telephone facsimile machine or computer or other device to send an unsolicited advertisement to a telephone facsimile machine of Plaintiffs.

95. The faxes sent by Defendants violate 47 U.S. Code § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(3), which prohibits the "use of any telephone facsimile machine or computer or other device to send an unsolicited advertisement to a telephone facsimile machine."

96. Defendants' violations in sending fax ads to the Plaintiffs were done 'willfully' and 'knowingly' as these terms are defined at 47 U.S.C. § 312 and in FCC decisions.

97. Defendants are all the 'senders' of the respective unsolicited fax ads alleged.

98. Upon information and belief, many other persons in Maryland and in the U.S. were faxed

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

in the same illegal manner as the named Plaintiffs as described above.

99. The TCPA, 47 U.S.C. § 227(b)(3)(B), provides for damages of five hundred dollars ($500) for each violation of the TCPA or FCC violations.

100. The TCPA, 47 U.S.C. § 227(b)(3) provides for treble damages up to $1,500 for each violation made willfully or knowingly.

## Count 2

## Injunctive relief under the federal TCPA, 47 U.S.C. § 227(b)(3)(A)

101. Plaintiffs incorporate all previously alleged paragraphs as if fully set forth herein.

102. The federal TCPA, 47 U.S.C. § 227(b)(3)(A) and (C) explicitly provides for a private right of action to enjoin violations of the act.

103. Plaintiffs seek injunctive relief enjoining all Defendants from violating the TCPA directly or indirectly by or through the acts of others.

## Count 3

## Maryland TCPA violations - Plaintiff Silverstein only

104. The federal TCPA violation in Count #1 above also violates the Maryland TCPA, Maryland Annotated Code, Commercial Law Art. (CL) §§ 14-3201-3202.

## DAMAGES AND RELIEF REQUESTED

105. **Count 1**: Each Plaintiff demands $1,500 for each unsolicited fax page, sent without prior express invitation or permission, and in willful and knowing violation of the TCPA, 47 U.S.C. § 227(b)(1)(C) and FCC regulations, pursuant to 47 U.S.C. § 227(b)(3).

106. **Count 2**: Each Plaintiff requests injunctive relief pursuant to the TCPA, 47 U.S.C. § 227(b)(3), prohibiting the Defendants and/or any and all of their agents, including companies created or used by Defendants, from sending unsolicited advertisements via fax to Plaintiffs and other persons in Maryland, or from sending faxes without required identifying information, or from sending faxes that in other way violate the TCPA or constitute an unlawful trade practice under Maryland law, or from using any other companies, directly or indirectly, to perform the same acts or activities enjoined in this suit.

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

107. **Count 3:** Plaintiff Silverstein requests $500 for each unsolicited fax sent without prior express permission in violation of the Maryland TCPA, CL §§ 14-3201-3202.

**WHEREFORE** the Plaintiffs seeks from Defendants:

**Count 1:** Westfax and Clark, jointly and severally, not less than **$279,000**, which is $1,500 in statutory damages for each unsolicited advertisement sent in willful or knowing violation of the TCPA, for the unsolicited fax ads identified thus far that were sent to Plaintiffs, and of this amount, the following amounts jointly and severally along with Westfax and Clark from each of the Defendants below as follows:

**Silverstein:**
```
 1 x $1,500 = $  1,500  from Amedisys, Inc.
 4 x $1,500 = $  6,000  from Bid Prep, Inc.
 2 x $1,500 = $  3,000  from Diagnostic Institute of Advanced Imaging, Inc.
 1 x $1,500 = $  1,500  from Julie Hitt
 2 x $1,500 = $  3,000  from North American Transcription, LLC
 1 x $1,500 = $  1,500  from Stericycle, Inc.

 8 x $1,500 = $ 12,000  from the JOHN DOE Defendants
19 x $1,500 = $ 28,500
```

**Zaller:**
```
14 x $1,500 = $ 21,000  from DC Dental Supplies, Inc.
 3 x $1,500 = $  4,500  from Dental Planet, LLC
16 x $1,500 = $ 24,000  from Discus Dental, LLC
 9 x $1,500 = $ 13,500  from Healthcare Education Services Foundation, Inc.
 4 x $1,500 = $  6,000  from HQID, LLC
 2 x $1,500 = $  3,000  from Iverson Dental Laboratory, Inc.
 4 x $1,500 = $  6,000  from Loyal Patients, Inc.
33 x $1,500 = $ 49,500  from New Jersey Health Prof. Development Inst., LLC
 5 x $1,500 = $  7,500  from Optident Supplies, Inc.
10 x $1,500 = $ 15,000  from Owandy, LLC
 8 x $1,500 = $ 12,000  from Park University Enterprises, Inc.

 56 x $1,500 = $ 84,000 from the JOHN DOE Defendants
164 x $1,500 = $246,000
```

**Weiner:**
```
1 x $1,500 = $ 1,500  from DoctorDirectory.com, Inc.

2 x $1,500 = $ 3,000 from the JOHN DOE Defendants
3 x $1,500 = $ 4,500
```

**Count 1   Total:**   $ 28,500 + $ 246,000 + $ 4,500 = $279,000
sought by all 3 Plaintiffs from Westfax and Clark, jointly and severally

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

18

**Count 2:**  An injunction prohibiting all Defendants or their agents from sending unsolicited advertisement faxes to Plaintiff and others in the State of Maryland, or from violating the TCPA alone or in concert with or through any other persons or entities; and

**Count 3:**  Plaintiff Silverstein seeks from Westfax and Clark jointly and severally not less than **$9,500**, which is $500 in statutory damages for each separate violation of the Maryland TCPA, Commercial Law Art. § 14-3202(b)(2) for each unsolicited advertisement identified thus far that were sent by Defendants, and of this amount, the following amounts jointly and severally along with Westfax and Clark from each of the following Defendants below, plus reasonable attorney's fees:

**Silverstein:**   1 x $500 = **$   500**  from Amedisys, Inc.
(Count 3)          4 x $500 = **$ 2,000**  from Bid Prep, Inc.
                   2 x $500 = **$ 1,000**  from Diagnostic Inst. of Advanced Imaging
                   1 x $500 = **$   500**  from Julie Hitt
                   2 x $500 = **$ 1,000**  from North American Transcription, LLC
                   1 x $500 = **$   500**  from Stericycle, Inc.

   8 x $500 = **$ 4,000** from the JOHN DOE Defendants
  17 x $500 = **$ 9,500**

**Weiner:**  Plaintiff Weiner seeks from Westfax and Clark jointly and severally not less than
(Count 3)  **$500** in statutory damages for each separate violation of the Maryland TCPA, Commercial Law Art. § 14-3202(b)(2), for each unsolicited advertisement identified thus far that were sent by Defendants, and of this amount, the following amounts jointly and severally along with Westfax and Clark from each of the following Defendants below, plus reasonable attorney's fees:

**Weiner:**   $500 sought from the JOHN DOE Defendant aka Qwest Financial

**Grand Total:** Plaintiffs seeks from Westfax and Clark, jointly and severally, damages as follows:

| | | | |
|---|---|---|---|
| **Silverstein:** | **Count 1:** | $ 28,500 | |
| | **Count 3:** | $  9,500 | |
| **Zaller:** | **Count 1:** | $ 246,000 | |
| **Weiner:** | **Count 1:** | $  4,500 | |
| | **Count 3:** | $    500 | |
| | **Grand Total:** | $ 289,000 | |

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

and also seek statutory damages jointly and severally against the other Defendants as identified above, a permanent injunction against all Defendants, reasonable attorney's fees pursuant to the Maryland TCPA, Commercial Law Article § 14-3202(b)(1), costs; pre-interest judgment, and any other appropriate relief.

      Respectfully submitted,

*/s/  Michael C. Worsham*
Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw @ worshamlaw.com
Federal Bar # 25923

*Attorney for Plaintiffs*

August 15, 2012

MICHAEL C. WORSHAM, Esq.
1916 Cosner Road
Forest Hill, Maryland, 21050-2210
(410) 557-6192
Fax: (410) 510-1870
mcw@worshamlaw.com

20