IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RICHARD J. SILVERSTEIN,** *et al.* | * | |
| **Plaintiffs** | * | |
| v. | * | |
| **WESTFAX, INC.,** *et al.* | * | Case No.: 12-CV-02430-MJG |
| **Defendants** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF ZALLER'S SECOND MOTION TO RECONSIDER COURT'S DISMISSAL OF ALL CLAIMS AND OPPOSITION TO DEFENDANT WESTFAX'S MOTION FOR ATTORNEY'S FEES

**Plaintiff, Dr. Stuart T. Zaller, LLC,** by its attorneys Alan H. Silverberg and Summerfield, Willen, Silverberg & Limsky, LLC, files the following Second Motion to Reconsider Court's Dismissal of All Claims and Opposition to Defendant Westfax's Motion for Attorney's Fees:

**A.    COURT'S DISMISSAL OF ZALLER'S CLAIMS**

1. On February 24, 2015, this Court filed a Memorandum and Order ("Memorandum") [Doc. 210] denying Plaintiff Zaller's Motion to Reconsider Court's Dismissal of All Claims [Doc. 204] and providing him an opportunity to re-file his Motion upon certain conditions.

2. Notwithstanding that Zaller and counsel believe that there is admissible evidence sufficient to establish his claim against Westfax, Zaller no longer wishes to prosecute his claim and submits to the Court's dismissal of same, reserving his opposition to Westfax's Motion for Award of Attorney's Fees as set forth below.

1

**B.     OPPOSITION TO AWARD OF ATTORNEY'S FEES**

<u>BACKGROUND</u>

Plaintiff Zaller is a practicing dentist who was compelled to file his action with prior counsel, Michael Worsham ("Worsham"), on August 16, 2012, against Westfax and other various defendants as a result of a massive influx of unsolicited fax advertisements. On March 31, 2014, this Court issued a Supplemental Order [Doc. 182] (referencing its earlier Order of March 19, 2014, which indefinitely suspended Worsham from practicing in its court) requiring Zaller to have successor counsel enter his/her appearance by May 2, 2014, or risk dismissal with prejudice. On April 29, 2014 at 12:30 p.m., while attending a patient appointment with Zaller[1], the undersigned was advised by Zaller of the above-referenced Supplemental Order of this Court. Zaller inquired if the undersigned would be willing to assist him in this matter by entering his appearance. Although having no knowledge of the particular circumstances of his case, but because of the pending deadline (as well as his personal relationship with Zaller), counsel agreed to enter his appearance on Zaller's behalf in order to prevent dismissal, and did so by the May 2, 2014 deadline.[2]

Serving as a prime example of the adage that "no good deed goes unpunished," counsel was immediately thrust into the middle of a two-year old case with 184 prior filings, complete with a year-old discovery dispute interrupted by prior counsel's suspension, but now revived with the undersigned's entry of appearance. The well-documented events have followed, and neither the events nor counsel's explanations surrounding same need be repeated beyond the recitations set forth in Zaller's previous

---

[1] The undersigned (successor) counsel has been one of Zaller's patients for approximately twelve years, as well as a patient of his father, whose practice he assumed, for twenty-five years prior.

[2] Nor did the undersigned have an opportunity to gain any knowledge of the circumstances before the deadline, since he had court obligations on April 30 in the Circuit Court for Baltimore County (*Margaritas v. Margaritas*, Case No. 03-C-12-013207 and *Cricket Trading, et al. v. Vasiluk, et al.*, Case No. 03-C-13-006461) and on May 1, 2014 (*Ginsberg v. Ginsberg*, Case No. 03-C-13-003325).

filings.  As a threshold matter, the undersigned wishes to make clear that he takes full responsibility for any omissions referenced in this Court's Memorandum [Doc. 210].

Counsel had consulted with Zaller concerning the continuing efficacy of his claim against Westfax even prior to this Court's Letter Order of November 21, 2014 [Doc. 197], regarding discovery and a status report.  This discussion was ongoing amidst counsel's initial inadvertent omission, and subsequent filing, of the Statement of Compliance concerning discovery, which prompted this Court's Dismissal of All Claims [Doc. 201] and granted Westfax's Motion for Sanctions [Doc. 198].  Zaller's Motion for Reconsideration [Doc. 204] and Westfax's Motion for Attorney's Fees and Opposition to Motion for Reconsideration [Doc. 205] followed.

## ARGUMENT

1. **AN AWARD OF EXPENSES WOULD BE UNJUST PER FED.R.CIV.P. 37(B)(2)(C)**

Westfax's request for attorney's fees is grounded upon the relief provided by Fed.R.Civ.P. 37(b)(2).  More specifically, the basis for an award of fees pursuant to this Rule is "For Not Obeying a Discovery Order" set forth in 37(b)(2)(A).  Notwithstanding Zaller's desire to no longer pursue his claim against Westfax, successor counsel respectfully denies that an assessment of attorney's fees against him or Zaller would be a fair and just disposition.

First, Westfax makes clear in its Motion that its primary contention is with Worsham's initial filing and subsequent actions (¶14-15 of Westfax Motion [Doc. 205]).  The undersigned cannot speak for Worsham's actions in the nearly two years of his representing Zaller, but he shares this Court's concern expressed in its Memorandum that Zaller be "burden[ed]...with sanctions due to the behavior of counsel."

With respect to his succeeding representation, the undersigned will not take issue with this Court's assessment that his compliance with orders has been "problematic." However, the sole basis of Westfax's claim for fees must hinge on non-compliance with discovery orders, and counsel, again with due respect, asserts that the sum and substance of the discovery situation in this matter represent "circumstances" that "make an award of expenses unjust" per Fed.R.Civ.P. 37(b)(2)(C).  As the Court noted in its Memorandum, it granted Zaller's Motion to extend discovery to December 11, 2014 [Doc. 200].  The undersigned, focused on ensuring that the remaining discovery responses were supplied to Defendant's counsel in accordance with the extended deadline, inadvertently omitted filing the Statement of Compliance to the Court documenting that he had, in fact, done so.  Given that discovery responses were supplied to Defendant's counsel, the "substance" of the discovery mandate was complied with; the "form" of confirming the compliance was not.  Unfortunately, it was this omission which, at the end of the day, triggered the Court's dismissal.  Notwithstanding that the omission of the certification provided grounds for the dismissal, it is relevant to note that the Court concluded in its Memorandum that despite "the failure to timely file a certification...the defense suffered no undue prejudice."

In addition, as noted in Zaller's earlier Response to Westfax's Motion for Attorney's Fees [Doc. 206], the 4th Circuit has previously held that when a party is blameless, his attorney's inadvertent fault qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1). *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corporation*, 843 F.2d 808, 811 (1988).  In *Augusta*, the appellant's attorney failed to file an answer to appellee's Amended Complaint, mistakenly believing that settlement negotiations between the parties were ongoing.  The appellate court reversed the lower

court's refusal to grant appellant's Motion to Vacate the Default Judgment, finding counsel's error as "excusable neglect." If the courts have previously held such an error to be excusable so as to provide relief from a final order, the undersigned's omission of filing the compliance certificate in the case at bar should certainly qualify as "circumstances" that "make an award of expenses unjust."

Finally, Westfax has cited no authority to support its claim in ¶21 of its Motion that fees should be awarded "to include all time reasonably spent in defense of the entire action." Its request for fees is made pursuant to Fed.R.Civ.P. 37(b)(2)(C), which authorizes an award specifically "caused by the failure" to comply with a discovery order. This Court dismissed Zaller's claim specifically because he "did not file timely the required certification of compliance with outstanding <u>discovery orders</u>..." [Doc. 210 at p. 5] (emphasis added). A review of Westfax's billing [Doc. 205-2] reveals only eight entries totaling 1.4 hours after the undersigned entered his appearance specifically referencing any time devoted to discovery issues [Doc. 205-2 at pp. 40 – 43].[3] It would be patently unjust for Westfax to try to burden Zaller with a claim for fees not only for the unethical actions of prior counsel but also for defending the case in its entirety.

### 2.   ZALLER'S FILING WAS NOT FRIVOLOUS

Notwithstanding Westfax's claims to the contrary and the questionable post-filing conduct of Worsham, the undersigned does not believe that Zaller's filing of his claim was "frivolous...in the first instance." Westfax had previously been adjudged in state court to have violated the TCPA in prior litigation in 2010,[4] and had, in fact, transmitted more than 160 unsolicited faxes to Zaller after that date. Worsham was also in possession of a sworn declaration from a former full-time billing and program department

---

[3] Those being 05-30-14, 06-02-14, 06-03-14 (2 entries), 06-11-14, 06-17-14 (2 entries), and 06-18-14.
[4] Referenced in ¶71 of the Complaint.

employee of Westfax, taken on May 6, 2009 and filed as Document 67-1 on January 1, 2013, in the case of *J2 Global Communications, Inc. v. Westfax, Inc., et al.*, Case 1:12-cv-02430-MJG, U.S. District Court for the Central District of California. The declarant, John P. Robson, testified that Westfax knows that its fax broadcast customers "do not have an 'established business relationship' with the persons to whom it sends faxes or 'express consent' from them,"[5] and that he had "information that Westfax helps its customers edit faxes."[6] These facts were disclosed to Westfax through Zaller's Answer to Westfax's Interrogatory No. 1 on March 30, 2013.

## CONCLUSION

While Zaller has submitted to the Court's dismissal of his claim against Westfax, the undersigned strongly believes that under the circumstances set forth above, it would be unjust to assess attorney's fees against either counsel or Zaller pursuant to Fed.R.Civ.P. 37(b)(2). Acknowledging the undersigned's questionable overall performance in this matter, the substance of this Court's discovery order in question was complied with, and the failure to timely file the certification of compliance did not prejudice Westfax. Similarly, Westfax cannot legitimately claim that any post-filing conduct by counsel renders the initial filing of the claim by Zaller frivolous. The Court's dismissal of Zaller's claim is justified; assessing fees would not be. Obviously, Zaller himself is totally blameless, and while the same cannot be said for the undersigned, he humbly requests that the Court determine that an assessment of fees against him would not be a just result in this matter under the circumstances.[7]

---

[5] Declaration of John Robson, ¶32.
[6] Declaration of John Robson, ¶40.
[7] To whatever extent relevant to the Court's consideration, counsel points out that he has been a practicing member of the State Bar since December 1973, and a member of this Court since February 1978, with no prior sanctions or disciplined grievances in either court.

**WHEREFORE**, Plaintiff Zaller requests that this Honorable Court;

A.   Deny Defendant Westfax's Motion for Award of Attorney's Fees; and

B.   For such other and further relief as the nature of Plaintiff's cause may require.

/s/ *Alan H. Silverberg*
Alan H. Silverberg
*Federal Bar # 24771*
*Summerfield, Willen, Silverberg & Limsky, LLC*
1829 Reisterstown Road, Suite 410
Baltimore, MD 21208
(410) 363-4444 / (410) 363-0595 (facsimile)
asilverberg@swsl-law.com
*Attorneys for Plaintiff Dr. Stuart T. Zaller, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **13th day of March, 2015**, a copy of the aforegoing **Second Motion to Reconsider Court's Dismissal of All Claims and Opposition to Defendant Westfax's Motion for Attorney's Fees** was electronically mailed (mjacobslaw@juno.com) to: **William Michael Jacob, Esquire, 10440 Little Patuxent Parkway, #300, Columbia, MD 21044, Attorney for Defendant Westfax, Inc**.

/s/ *Alan H. Silverberg*
Alan H. Silverberg
*Federal Bar # 24771*
*Attorneys for Plaintiff Dr. Stuart T. Zaller, LLC*

Date:   3/13/15