```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

DR. STUART T. ZALLER, LLC et al.*

        Plaintiffs    *

           vs.           *   CIVIL ACTION NO. MJG-12-2430

WESTFAX, INC., et al.      *

        Defendants    *

\*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER RE: MOTION FOR FEE AWARD

The Court has before it Defendants' Motion for Award of Attorney Fees [ECF No. 205] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Plaintiffs, Dr. Stuart T. Zaller, LLC, Phillip P. Weiner, and Richard J. Silverstein, filed this lawsuit, asserting baseless claims against Defendants Westfax, Inc. and Barry Clark ("Defendants").[1]

From the filing of the instant case on August 15, 2012 until March 24, 2014, Plaintiffs were represented by Michael Worsham, a now disbarred attorney, whose behavior was well below any acceptable level of competence. After the disbarment of Worsham, Plaintiffs Weiner and Silverstein proceeded <u>pro se</u> and, as of May 2, 2014, Plaintiff Zaller, LLC ("Zaller") was represented by Alan Silverberg, Esquire.

---

[1] Plaintiffs named additional defendants who are not movants.

By the Order Dismissing Certain Claims [ECF No. 194], the Court dismissed all claims asserted by Weiner and Silverstein. However, Zaller – represented by counsel – continued to assert claims.  But, due to its failure to meet discovery obligations and comply with Orders, the Court issued the Order Re: Dismissal of all Claims [ECF No. 201] dismissing all claims asserted by Zaller against Defendants.

There is no doubt that, to defend against baseless claims, Defendants have expended a substantial amount in legal fees, including fees incurred as a result of Plaintiffs' noncompliance with this Court's Orders.[2]  While, perhaps, Plaintiffs could quibble with the total amount, there is no doubt whatsoever, that the total is substantial.  Defendants' counsel has submitted statements documenting the claim that $47,700 of fees were incurred in defense of the claims through the end of 2014, which included at least $5,000 incurred related to Plaintiffs' discovery violations.[3]  ECF Nos. 205-2, 205-3.

Federal Rule of Civil Procedure 37(b) authorizes the Court to hold a party and counsel liable for any expenses, including attorneys' fees, caused by the party's failure to comply with

---

[2]  For example, the fees incurred in drafting a motion to compel responses to discovery requests and motions for sanctions and attorney's fees, including ECF Nos. 126, 198, 205.

[3]  This is a conservative assessment based on the billing records provided by Defendants.

discovery orders.  Fed. R. Civ. P. 37(b)(2)(C).  Rule 37 sanctions "must be applied diligently to penalize those whose conduct may be deemed to warrant such an action, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'"  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 763-64 (1980) (quoting Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976) (alteration in original)).

In the current context, no purpose would be served by detailing Plaintiffs failures to meet discovery obligations.  The Court recognizes that the bulk – but not all - of Plaintiffs' discovery failures occurred during the time that Worsham was their counsel.  Nevertheless, the Court recognizes that Plaintiffs entered into their relationship with Worsham intending to profit and, except as to Silverstein, did obtain some recovery.

Under the circumstances, the Court shall impose sanctions on the Plaintiffs pursuant to Rule 37(b) of the Federal Rules of Civil Procedure but shall limit the awards in light of the Plaintiff's respective recoveries in the lawsuit.

Zaller has filed the affidavit of its attorney stating that it received a total of $2,250 as part of settlement payments in the case.  ECF No. 213.  Weiner has filed an affidavit stating that he received $375 from Worsham as part of a settlement payment.  ECF No. 215.  Silverstein has filed an affidavit

3

stating that he received no money in connection with the instant case, however he did note that Worsham had advanced costs on his behalf to cover certain fees.  ECF No. 214.

Under the circumstances, the Court shall impose discovery sanctions to be promptly paid - Weiner and Zaller limited to the amounts that they obtained and, on Silverstein, in the nominal amount of $100.

Accordingly:

1. Defendants' Motion for Award of Attorney Fees [ECF No. 205] is GRANTED IN PART.

2. By June 24, 2016:

    a. Plaintiff Zaller, LLC shall pay to counsel for Defendants[4] the sum of $2,250.

    b. Plaintiff Phillip P. Weiner shall pay to counsel for Defendants the sum of $375.

    c. Plaintiff Richard J. Silverstein shall pay to counsel for Defendants the sum of $100.

3. Any Plaintiff who fails to comply with the prior paragraph shall, at 10:00 A.M. on June 27, 2016, appear in Courtroom 5C of the United States Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201 and show cause why he should not be held in contempt.  Any failure to appear may result in the issuance of an arrest warrant.

SO ORDERED, this Friday, May 27, 2016.

/s/
Marvin J. Garbis
United States District Judge

---

[4] All payments shall be disbursed by defense counsel to the Defendants.

4